JACKSON, ex dem. Z. D. FELLER, vs. J. FELLER.

A *resulting trust* may be rebutted by *parol* proof that the lands in which the estate is claimed were a gift and advancement to the grantee, and were not purchased for the benefit of the party paying the consideration money.

THIS was an action of ejectment, tried at the Dutchess circuit in December, 1826, before the Hon. SAMUEL R. BETTS, then one of the circuit judges.

The lessor of the plaintiff (*Zachariah D. Feller*) produced a deed from Henry M. Hoffman and Sally his wife to the lessor, bearing date the 12th June, 1820, for one fourth of the farm whereof Nicholas Hoffman died seized. The consideration expressed was $1750. The plaintiff further proved that Nicholas Hoffman died seized of the farm mentioned in the deed, in 1798, having previously devised the same to his four sons Peter, Herman, Martin and Henry, the three first of whom, shortly after the decease of their father, sold their portions of the farm to *Zachariah Feller*, who went into possession of the farm, and continued in possession until his death, in 1825. It was admitted that the defendant in this action was in possession of the whole farm at the commencement of this suit. The plaintiff rested.

On the part of the defendant, it was proved that *Zachariah Feller*, the uncle of the lessor of the plaintiff, bargained with Henry M. Hoffman for his share of the farm whereof Nicholas Hoffman died seized, and paid the consideration money on the purchase; that the lessor of the plaintiff had lived with his uncle about three or four years previous to 1823, when he left him, saying he would not work there any longer, as he did not know what he was working for; that he had not got any thing for his work except his every day's clothing, and he did not know he was ever to get any thing more if he stayed.

The plaintiff then called John D. Feller, who testified that he was a brother of the lessor of the plaintiff; that the second or third year after his brother Zachariah went to live with his uncle, his uncle told him (the witness) that he had thought of giving *Zach.* (the lessor of the plaintiff,) part of his farm, and wished him to call to them his

NEW-YORK,
May, 1829.

Jackson
v.
Feller.

brother David ; that on David joining them, their uncle said
he wanted them to agree to see that *Zach.* should have $600,
which their father had given him by his will ; that he had
requested their father to give that sum to Zachariah by his
will, and then he (Zachariah the uncle) would see and pro-
vide for young Zachariah. They agreed to see the $600
paid. A few days after, he saw his uncle again, who said *he
had given* Zachariah (the lessor of the plaintiff) the quarter
of his farm which he had bought of Henry N. Hoffman. The
conversation was shortly after Hoffman removed from the
place.

Reuben Rowley testified that he was instructed by *Zach-
ariah Feller* to draw a deed from Henry M. Hoffman and
Sally his wife to *Zachariah D. Feller* for Hoffman's quarter
of the farm ; that he accordingly drew the deed, which was
executed by the grantors at the house of Zachariah Feller,
who, together with the witness, signed their names as wit-
nesses to the deed, and he, the witness, being a commission-
er, took the acknowledgment of the deed. Zachariah Feller
directed the deed to be delivered to witness for Zachariah
D. Feller, which was accordingly done, and it remained in
his possession until after the decease of Zachariah Feller,
when he delivered it to the lessor. After the deed was ex-
ecuted, and on the same day, Zachariah Feller told him and
David Feller, junior, that he had desired his brother David to
give his son Zachariah only $600 by his will, which was much
less than an equal proportion of his father's property ; and
that he, Zachariah, had given that quarter of his farm which
he had bought of Henry N. Hoffman to his Nephew Zacha-
riah, as a provision for him according to the understanding
when he came to live with him. This witness testified that
he did not know that the lessor of the plaintiff had any
knowledge of the deed until after the decease of his uncle.
The testimony of the two last witnesses was confirmed by
the evidence of David Feller, junior.

It was attempted on the trial to shew that Mr. Rowley had
given a relation of the facts at other times different from
what he testified on the trial. Ephraim Fulton testified that
he inquired of Mr. Rowley whether the deed was left with

him to be delivered to Zachariah D. Feller, who replied that it was some time since the deed was delivered to him, and he had forgotten. After a little hesitation, he said he believed old Zachariah Feller told him that if David Feller, young Zachariah's father, would give his son Zachariah a bond for $600, then the deed should be delivered to Zachariah D. Feller ; that the transaction was of considerable standing, and he could not recollect how it was. Killian Miller testified, that in a conversation he had with Rowley on a certain day when Mr. Oakley was consulted by Zachariah D. Feller respecting his claim, Rowley related what took place either at the time the deed was drawn or executed. He stated that Zachariah Feller told him to keep the deed, and if old Feller would give his son Zachariah a sum of money, then he should have the deed ; and Rowley asked the witness whether a bond could not then be made out to secure the money so as to give the deed effect. Jacob Shook testified that Rowley, in answer to his inquiry about the deed in question, said that Zachariah Feller told him that if old David Feller would pay or secure to his son Zachariah $600, the deed was to be delivered to Zachariah. Thomas J. Oakley testified that at the consultation with him alluded to, Rowley stated expressly that the deed was absolutely delivered to him for Zachariah D. Feller, and that the statement then made to him by Rowley in relation to the whole transaction was substantially the same as he had testified on the trial. He further testified that the question submitted to him by Mr. Rowley at the consultation was, whether the bond could then be given by John D. Feller and David Feller, junior, to Zachariah D. Feller, in pursuance of their agreement with Zachariah Feller, deceased, and be as valid and effectual as if it had been executed in the life time of Zachariah Feller.

A verdict was taken for the plaintiff subject to the opinion of the supreme court.

*P. Ruggles,* for the plaintiff. The principal question is, whether a resulting trust was created in this case, or whether the purchase was made for the benefit of the lessor of the plaintiff. A resulting trust, it is admitted, may be created by

parol, and of course may be rebutted by parol. (2 *Johns.
C. R.* 405, 416. 1 *id.* 582.) The intention of the party
paying the consideration is inquirable into, to determine
whether or not a resulting trust is created. (2 *Maddock,*
115. 1 *Swanton,* 18. 4 *Desaussure,* 487. 16 *Johns. R.*
197, 9.) The intent here to benefit the lessor of the plain-
tiff is incontrovertibly established.

*E. Williams,* for defendant. The consideration being
paid by Zachariah Feller, sen. and the deed taken by him in
the name of Zachariah D. Feller, the latter became the
trustee of the former, and the trust might be enforced in
equity. (2 *Johns. Dig.* 424, *tit. Resulting Trust, and cases
there cited.*)

It is very probable that it was intended to give the lessor of
the plaintiff an interest in the premises conveyed to him ; but
the estate vested in the purchaser, the elder Feller, and that
estate could be divested only in conformity to the provisions
of the statute of frauds ; it could not be divested by any
thing resting in parol. A resulting trust may be rebutted by
parol, that is, the payment of the consideration may be deni-
ed or explained ; what rests *in pais* may be rebutted by proof
*in pais ;* but the proof establishing the trust being uncontra-
dicted, the estate vested in the purchaser by operation of
law, and he has done no act to divest himself. (1 *Cox,* 15.)

Was it an executed gift ? The deed was not delivered to
the grantee, nor was he put in possession of the land. A
parol promise to pay money as a gift will not support an ac-
tion. (*Pearson* v. *Pearson,* 7 *Johns. R.* 267.) In that case, the
court say a gift is not consummate and perfect until a deliv-
ery of the thing promised, and until then, a party may revoke
his promise. If personalty will not thus pass, surely an in-
interest in land cannot in this way be created. If there was
a delivery of the deed, that delivery was conditional, and the
condition has not been performed.

*Ruggles,* in reply. The intention of the purchaser to
benefit the grantee, whose name he procures to be inserted
in the deed, may be shewn, to rebut the evidence of a result-
ing trust arising from the proof of the payment of the consid-

eration ; it explains the payment.  Parol proof is admissible
in support of the nominee of a conveyance.  (2 *Cox*, 91.)
The proof here is not only that the donor intended to give,
but that he had given the land described in the deed.  There
was nothing executory in the thing ; nor was it extraordina-
ry that the donor should remain in possession and not com-
municate what he had done to his donee ; it is what happens
in every case of devise.  Whether the donee received $600
from his father's estate cannot affect the deed.  It is mani-
fest the anxiety of the donor on this subject was only to in-
crease the interests of the object of his beneficence, not to
make his own donation dependant upon the happening of
that event.

*By the Court*, SUTHERLAND, J.  The premises in question
were purchased by Zachariah Feller from Henry N. Hoff-
man in June, 1820, for the sum of $1750.  The considera-
tion was paid by Zachariah Feller, but the deed was, by his
directions, taken in the name of his nephew, Zachariah D.
Feller, the lessor of the plaintiff.  The question is, whether
the estate vested absolutely in the lessor, or whether it is a
case of an implied or resulting trust in favor of the individual
who paid the purchase money.

The payment of the consideration by Zachariah Feller is
clearly proved, and that is *prima facie* sufficient to establish
a resulting trust.  (1 *Johns. Ch. R.* 586, and 2 *Johns. Ch. R.*
408, 451, where the subject is fully discussed, and all the
English authorities collected and considered.)  But as a re-
sulting trust may be proved, so it may be rebutted by parol
evidence ; (2 *Atk.* 98 ; *Amb.* 126 ; *Dougl.* 24 ; 2 *Johns.*
*Ch. R.* 416 ; 2 *Madd. Ch.* 113 ; *Dyer* v. *Dyer*, 2 *Cox*, 94 ;
1 *Cox*, 15 ; 1 *Swanston*, 18 ;) and I think the evidence in
the case clearly shews that the purchase was not made by
Zachariah Feller for his own benefit, but that he intended it
as a gift and advancement to his nephew.  Mr. Rowley, who
drew the deed and witnessed its execution, testifies that
Zachariah Feller directed the deed to be delivered to him,
the witness, for Zachariah D. Feller, the grantee, which was
accordingly done ; and he retained it in his possession until

NEW-YORK,
May, 1829.

Jackson
v.
Feller.

after the death of Zachariah Feller. He declared to John D. and David Feller, that he intended to give the lessor of the plaintiff a part of his farm, in order to make him equal in point of property with his brothers, to whom their father had given the largest portion of his estate by his will; and he afterwards declared to the same witnesses, that *he had given* to Zachariah D. Feller the quarter of his farm which he bought of Henry N. Hoffman. He told Mr. Rowley that the conveyance was intended *as a provision* for Zachariah D. Feller, according to the understanding when he came to live with him. This evidence completely repels all idea of a resulting trust. Admitting a part of the consideration or inducement to the making of this conveyance to the lessor to have failed, it cannot be set up at law, and would have no effect upon the legal title. (2 *Johns. R.* 177, 179, *note.*)

Judgment for plaintiff.